FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 05 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| HEATHER LYNN HODGES<br><br>Plaintiff,<br><br>vs.<br><br>SWC GROUP, L.P.<br><br>Defendant. | Case No.: 4:16cv879-JM<br><br>COMPLAINT and DEMAND FOR JURY TRIAL<br><br>This case assigned to District Judge Moody<br>and to Magistrate Judge Ray |

Plaintiff, Heather Lynn Hodges ("Plaintiff"), alleges:

## INTRODUCTION

1. Plaintiff brings this action against Defendant for engaging in illegal practices in connection with the collection of a debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURSIDICTION AND VENUE

2. Plaintiff brings this action under the FDCPA, a federal statute, thereby invoking jurisdiction pursuant to 28 U.S.C. §§1331.

3. Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district and/or because the Defendant is subject to personal jurisdiction in this district.

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Conway, Arkansas, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation doing business in Arkansas with its prinicipal place of business located at 4120 International Pkway #1100, Carrolton, Texas 75007.

6. Defendant is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. Plaintiff is a natural person, obligated, or allegedly obligated to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

8. On or about October 1, 2016, Plaintiff received a call from Defendant concerning an alleged debt.

9. The alleged debt arose from a disputed rent bill.

10. Rent bills have long been considered debts incurred for personal, family, or household purposes.

11. In attempt to collect said debt, Defendant made calls to Plaintiff. During the time of the call, Plaintiff was working and told Defendant not to call her while at work because it was inconvenient and she could not speak then.

12. Despite this, Defendant continued to call Plaintiff at work, at times known to be inconvenient.

13. In addition to this, the alleged debt is beyond the statute of limitation. Defendant failed to inform Plaintiff that the debt was past the statute of limitations, or of the consequence of repaying the debt—the restarting of the statute of limitations.

<u>Plaintiff Has Suffered a Concrete and Particularized Injury</u>

14. Congress codified the Fair Debt Collection Practices Act to provide specific protections to consumer debtors to prevent them from being subject to harassment as well as subject to false and miseading statements.

15. Plaintiff sustained harassment by Defendant's continual calls to her work place after being told not to.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

16. Plaintiff repeats, realleges and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

17. By the actions taken by Defendant as described above, Defendant has engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692c, 1692e, 1692e(2), 1692e(10), and 1692f.

18. Section 1692c provides:

> **(a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> **(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;**
> **(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.**

19. Section 1692e provides:

3

**§ 1692e. False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

**(2) The false representation of--**

**(A) the character, amount, or legal status of any debt...**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...**

20. Section 1692f provides:

**§ 1692f. Unfair practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

21.     Plaintiff has been damaged and is entitled to relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Heather L. Hodges, respectfully requests that this Court do the following for his benefit:

   a. Enter a judgment against Defendant for statutory damages, attorney's fees and costs;

   b. Grant such other and further relief as may be just and proper.

4

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 25th day of November, 2016

                                            Respectfully Submitted,

                                            Daniel Zemel, Esq.
Zemel Law, LLC
70 Clinton Ave.
Newark, New Jersey 07114
(T) 862-227-3106
Dz@zemellawllc.com
Attorneys for Plaintiff